UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH J. LOVE,

    Plaintiff,

v.                                      Case No. 05-71220

COMMISSIONER OF SOCIAL          Honorable Patrick J. Duggan
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 17, 2006.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiff Kenneth J. Love applied for Supplemental Security Income on June 16, 2002, and for Social Security Disability Benefits on July 9, 2002. Plaintiff alleged that he became disabled on April 5, 2001, at age 39, due to depression and anxiety. The Social Security Administration denied Plaintiff benefits initially and upon reconsideration. Upon Plaintiff's request, Administrative Law Judge ("ALJ") Jerome B. Blum conducted a hearing on January 28, 2004. In his decision issued on April 8, 2004, the ALJ concluded that Plaintiff was not disabled. On March 1, 2005, the Appeals Council denied review of the ALJ's decision and it became the final decision of the Commissioner of Social

Security.

On March 29, 2005, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g).  Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub.  On May 23, 2006, Magistrate Judge Majzoub filed her Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.  At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within ten days of service upon them.

Presently before the Court are (1) Plaintiff's Motion to Extend Time for Filing Objections to the Report and Recommendation of the Magistrate Judge, and (2) Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which were both filed on June 5, 2006.

## I.   Motion to Extend Time

In his Motion to Extend Time, Plaintiff asks the Court to allow Plaintiff until June 5, 2006 to file his objections to the R&R due to tragic events in counsel's family.  Plaintiff had 10 days from service of a copy of the R&R to file specific objections to the R&R. *See* Fed. R. Civ. P. 72; E.D. Mich. LR 72.1(d)(2).  In this case, the proof of service attached to the R&R indicates that a copy of the R&R was served upon counsel on May 23, 2006.  Computing 10 days for filing objections to the R&R from May 24, 2006, excluding intermediate weekends and holidays, the parties had until June 7, 2006 to file objections.  *See* Fed. R. Civ. P. 6(a).

2

In this case, Plaintiff's objections were timely filed on June 5, 2006. Consequently, the Court need not address Plaintiff's motion to extend time for filing objections.

## II. Standard of Review

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision by a civil action . . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 398, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The parts of an R&R to which a party objects will be reviewed by the court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## III. Analysis

An ALJ considering a disability claim is required to follow a five-step process to

3

evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing he or she is determined to be disabled regardless of other factors. *Id.*[3]

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity from April 5, 2001 to January 5, 2004. (Tr. 23).

[2] The ALJ found that Plaintiff had severe impairments, including chronic major depression, anxiety disorder, a history of alcohol abuse, and loss of the left eye, and that these impairments met the duration requirement and significantly limited claimant's ability to do basic work activities. (*See* Tr. 24).

[3] The ALJ found that Plaintiff's impairments or combination of impairments were not listed or medically equal to a listed severe impairment. (Tr. 24).

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).[4]

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*[5]

Plaintiff raises three objections to the R&R. First, he claims that the ALJ erred in failing to defer to the opinion of Plaintiff's treating physician. Second, Plaintiff contends that the ALJ failed to properly assess the Plaintiff's credibility. Third, he argues that the hypothetical question posed to the vocational expert was incomplete.

## Objection 1: Treating Physician Rule

First, Plaintiff contends that the ALJ failed to accord the medical opinions and diagnoses of his long-time treating psychiatrist, Dr. Sudhir Lingnurkar, substantial deference. Plaintiff also contends that the opinion of a psychiatrist, Dr. N.K. Vora, who examined Plaintiff once, should be given more deference than the opinion of a non-examining physician. Plaintiff contends that the ALJ and Magistrate Judge incorrectly afforded credibility to the opinions of Dr. Ron Kriauciunas, who was a non-treating, non-examining psychologist who reviewed Plaintiff's medical records and found that Plaintiff was able to do unskilled work. In support of his contention that Dr. Kriauciunas's

---

[4] The ALJ found that Plaintiff's "residual functional capacity for the full range of light work is limited by his inability to perform more than simple, unskilled tasks," and that Plaintiff was unable to perform his past relevant work as a youth specialist, direct care worker, and construction worker. (Tr. 24).

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, he is capable of performing "a significant number of jobs in the national economy . . . ." (Tr. 24).

5

opinions should not be afforded any credibility or weight, Plaintiff cites to *Shelman v. Heckler*, 821 F.2d 316 (6th Cir. 1987).

In *Shelman*, the Sixth Circuit held that the testimony of a non-examining advisor could not provide a sufficient basis for rejecting the opinions of the claimant's treating physicians since a non-examining physician's opinion is entitled to little weight if it is contrary to the claimant's treating physician's opinion. *Id.* at 321. However, the opinions of a treating physician are entitled to deference "only if it is supported by sufficient medical data." *Id.*

In this case, the ALJ noted that he did not give controlling weight to Dr. Lingnurkar's opinion that Plaintiff was unable to perform any work due to his mental disorders because it was "not supported by acceptable medical evidence and [was] found to be contradicted by other evidence and inconsistent with the evidence as whole." (Tr. at 21). The ALJ found that the clinical findings of Dr. Lingnurkar contradicted his opinion that Plaintiff could not work. (*See* Tr. 31). For example, the ALJ noted that Dr. Lingnurkar stated that Plaintiff had increased forgetfulness and persistent confusion in insurance approval forms. (Tr. 21, 118). However, as the ALJ noted, Drs. Lingnurkar and Vora reported: that Plaintiff's thoughts were well-organized with no halting or blocking of thought or flight of ideas; he was alert and oriented and his contact with reality was intact; and he could recall objects and digits. (Tr. 21, 103-07, 143).

The Court believes that substantial evidence supports the ALJ's reliance on the opinion of Dr. Kriauciunas, instead of the opinions of Drs. Lingnurkar and Vora. Even if this Court might decide to weigh Dr. Lingnurkar's opinion differently, the ALJ's decision

should be affirmed where it is supported by the record evidence. *See Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996). Therefore, the ALJ did not err in failing to defer to the opinion of Plaintiff's treating physician.

**Objection 2: Credibility**

Second, Plaintiff contends that the ALJ failed to properly assess his credibility. Plaintiff acknowledges that the Court may not review an ALJ's credibility determination that is based upon substantial evidence. However, Plaintiff contends that the ALJ's credibility determination was not based on substantial evidence.

The ALJ found that Plaintiff's allegations regarding his limitations were inconsistent with the evidence in the record as a whole. (Tr. 20). The ALJ noted that although the inconsistencies may not have been intentional, "nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable. (*Id.*). For example, the ALJ noted that although Plaintiff testified that he sleeps as much as 16 hours per day, the office visit notes of Dr. Lingnurkar do not note any complaints of excessive sleep. (*Id.*). Moreover, the ALJ noted that Plaintiff failed to report this excessive sleep problem during the consultive psychiatric evaluation. (*Id.*).

Plaintiff also argues that the ALJ failed to discuss the daily activity summary submitted by the Plaintiff's wife. However, as Magistrate Judge Majzoub noted, the ALJ indicated that he considered Plaintiff's daily activities when assessing Plaintiff's subjective complaints. Although the ALJ did not specifically reference the wife's summary in his opinion, he did discuss other evidence that contradicted Plaintiff's reports

7

of his daily activity. For example, the ALJ noted:

> Dr. Vora observed that Plaintiff's grooming and hygiene were good. The claimant was able to arrive at the consultive evaluation alone by car, indicating an ability to operate a motor vehicle and navigate to new locations . . . . Therefore, the degree of limitation in his activities of daily living cannot be considered more than "mild."
>
> The claimant testified that he avoids the public. He reported that he is withdrawn and isolated . . . . However, Dr. Lingnurkar noted that the claimant was cooperative and exhibited fair eye contact . . . . Dr. Vora noted that the claimant's manners were good. He had good eye contact and was cooperative . . . .

(Tr. at 21).

Therefore, the Court does not believe that the ALJ failed to properly assess the Plaintiff's credibility.

**<u>Objection 3: Hypothetical</u>**

Third, Plaintiff contends that the ALJ erred by relying upon the testimony of a vocational expert because the expert's testimony was delivered in response to an inaccurate hypothetical question that failed to account for Plaintiff's impairments.

Although the ALJ's hypothetical question to the vocational expert did not address some of Plaintiff's psychiatric limitations, as Magistrate Judge Majzoub noted, the ALJ need only incorporate into the hypothetical question the physical and mental limitations accepted as credible. *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the Court believes that the hypothetical properly accounted for Plaintiff's impairments because it set forth the ALJ's RFC determination, which was supported by substantial evidence. Here, the ALJ noted that Plaintiff was limited to

8

unskilled work. (Tr. 22). In addition, the ALJ noted that giving Plaintiff the benefit of the doubt concerning his physical symptoms and side effects of his medications, Plaintiff was "capable of sitting 2 of 8 hours in a typical work day, standing or walking 6 of 8 hours in a typical work day, and lifting and/or carrying as much as 20 pounds occasionally and 10 pounds frequently." (*Id.*). Thus, the ALJ's hypothetical question was not incomplete.

Having reviewed the R&R and objections thereto, this Court concurs with the recommendations of Magistrate Judge Majzoub. Accordingly, for the reasons set forth above, and for the reasons set forth by Magistrate Judge Majzoub in the May 23, 2006 Report and Recommendation,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
James M. Dolenga, Esq.
James A. Brunson, AUSA
Magistrate Judge Mona K. Majzoub